UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBMG, LLC,

          Plaintiff,        Case No. 16-cv-11337

v.                                 Judith E. Levy
                                 United States District Judge

Cornerstone Interior
Woodworking, Inc.,          Mag. Judge R. Steven Whalen

          Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]

Pending is defendant Cornerstone Interior Woodworking, Inc.'s motion for summary judgment, seeking summary judgment on all counts. (Dkt. 17.) The motion was filed on November 30, 2017, and plaintiff's response was due on December 21, 2017. E.D. Mich. Local R. 7.1(e)(1)(B). The Court has attempted to reach plaintiff on numerous occasions, and plaintiff's counsel represented to the Court on January 2, 2018 that he would reach out to defense counsel and seek a stipulation extending the time to file plaintiff's response. The Court has received no stipulation, and so will treat the motion as unopposed.

I.  Background

On April 12, 2016, plaintiff EBMG, LLC filed a complaint alleging that defendant Cornerstone Interior Woodworking, LLC breached a series of contracts regarding five construction projects. (Dkt. 1.) Plaintiff amended that complaint on November 8, 2016, to add defendant Cornerstone Interior Woodworking, Inc. (Dkt. 14.) Defendant Cornerstone Interior Woodworking, Inc. notes that Cornerstone Interior Woodworking, LLC does not appear to exist, and seeks dismissal of that defendant. The Court will dismiss Cornerstone Interior Woodworking, LLC as a defendant.

The complaint alleges that plaintiff was a subcontractor for defendant on five construction projects between April 2014, and December 2015. Plaintiff was to provide custom countertops and cabinets for projects in Lake Nona (Florida), Music Row (Tennessee), UNCC (North Carolina), Hamilton Trace (Indiana), and Summer Bay (Florida). Plaintiff alleged that defendant owed an outstanding amount of $607,123.48 from those five projects. Plaintiff asserted claims for (1) breach of contract, (2) open account; (3) quantum meruit; (4) implied contract; and (5) fraudulent misrepresentation.

2

Defendant filed a counterclaim, alleging that the products plaintiff delivered for each project were defective, and that it incurred damages of $621,470.91 after mitigation. (Dkt. 14.) Defendant asserted counterclaims for: (1) breach of contract; (2) breach of warranty; and (3) quantum meruit. On November 30, 2017, defendant filed a motion for summary judgment as to all claims in this case. (Dkt. 17.)

Under the terms of the contracts between the parties, plaintiff was to be paid a total of $1,300,432.47 for the five projects. (Dkt. 17-4 to 17-9.) In March 2015, plaintiff delivered numerous defective cabinets and other goods to defendant for the Lake Nona and UNCC projects after beginning production before defendant was able to provide an approved design. (Dkt. 17 at 12-13.) On March 14 and March 16, 2015, defendant contacted plaintiff to inform plaintiff that the cabinets and countertops were defective and unusable. (*Id.* at 13; Dkt. 17-12, to 17-14.) Larry Grace, an employee of plaintiff, sent an e-mail on March 18, 2015, informing his employees that the cabinets and countertops provided for these two projects all needed to be rebuilt. (Dkt. 17-15.)

On June 9, 2015, defendant sent plaintiff invoices for back charges (charges that defendant incurred fixing the issues with the defective

items) in the amount of $148,572.56. (Dkt. 17-18.) On July 9, 2015, defendant notified plaintiff that there were problems with all five projects. (Dkt. 17-16.) Defendant provided plaintiff with invoices for the total cost it incurred in fixing deficiencies at all five projects, which totaled $621,470.91. (Dkts. 17-19 to 17-23.)

Of the $1,300,432.47 that plaintiff was owed for its work, defendant paid $1,170,795.64 directly to plaintiff, and paid $72,800.00 to one of plaintiff's subcontractors. (Dkts. 17-24, 17-25.) The parties also agreed to reductions in the scope of work for two projects that led to a total reduction of $99,779.00. (Dkt. 17-27.) Those deductions, combined with the unpaid back charges sent to EBMG, result in EBMG being owed a total of $1,052,080.91 for its work, and being paid a total of $1,243,595.64, either directly or through a subcontractor.

Defendant now moves for summary judgment on all counts in the complaint and the counterclaim. The Court determines that oral argument is not required pursuant to E.D. Mich. Local R. 7.1(f)(2).

## II. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

4

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. Appx. 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

Even where a motion for summary judgment is unopposed, "the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law." *Miller v. Shore Fin. Servs., Inc.*, 141 F. Appx. 417, 419 (6th Cir. 2005).

### III. Analysis

Because this motion is unopposed, the Court will treat all factual assertions in the motion as true, but construe them in the light most favorable to plaintiff.

### A. Implied vs. Express Contract

First, the Court must determine whether there is an express contract, or an implied one. "The theory underlying quantum meruit recovery is that the law will imply a contract in order to prevent unjust enrichment when one party inequitably receives and retains a benefit from another. However, a contract will be implied only if there is no express contract covering the same subject matter. Generally, an implied contract may not be found if there is an express contract between the same parties on the same subject matter." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194 (2006) (internal citations omitted). Here, five express contracts govern the five projects. (Dkts. 17-4 to 17-8.) Accordingly, plaintiff and defendant's equitable claims (plaintiff's quantum meruit and implied contract claims and defendant's quantum meruit claim) must be dismissed.

### B. Breach of Contract Claims

The express contracts in this case required plaintiff to deliver products to defendant's specifications in exchange for payment. The uncontroverted evidence shows that on each project, plaintiff failed to

6

do so. "He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure on his part to perform." *Jones v. Berkey*, 181 Mich. 472, 480 (1914) (further citation omitted). To determine whether a breach is substantial, the Court must consider "whether the nonbreaching party obtained the benefit which he or she reasonably expected to receive." *Holtzlander v. Brownell*, 182 Mich. App. 716, 722 (1990). Here, defendant did not receive the benefit it reasonably expected to receive, which were cabinets and countertops in conformity with its specifications. Accordingly, any plaintiff cannot maintain a cause of action for any subsequent breach of contract, and its breach of contract claim is dismissed.

Alternatively, defendant should be granted summary judgment on its breach of contract claim. Defendant has shown that plaintiff materially breached the contract and that it incurred damages after mitigation of $621,470.91. Accordingly, summary judgment is granted in defendant's favor on this claim.

### C. Open Account

> An open account is one which consists of a series of transactions and is continuous or current, and not closed or

> stated. However, all accounts which are not stated or reduced to writing are not necessarily open accounts. Thus, cases of bailment, or express contract defining the liabilities of the parties, whether evidenced by writings or not, are not as a general rule open accounts; nor is an admission of indebtedness in a precise ascertained sum, or a claim for money paid on the request of another.

*A. Krolik & Co. v. Ossowski,* 213 Mich. 1, 7 (1920). On review of the defendant's motion, it does not appear that defendant moved for summary judgment on this claim. However, on review of the record, the Court can find no support for the contention that an open account existed or that, if one did, defendant would owe plaintiff anything based on that account. The relationship between the parties appears to have been based on five separate express contracts that would terminate once each of the projects was done, rather than open and continuous accounts that would persist past the completion of the projects.

Pursuant to Fed. R. Civ. P. 56(f)(1), the Court notifies the parties that it intends to enter summary judgment in defendant's favor on this claim. The parties have fourteen days from the entry of this order to respond to the Court's notice.

### D. Fraudulent Misrepresentation

8

Defendant argues that this tort claim is barred by the economic loss doctrine. The economic loss doctrine provides that "economic losses that relate to commercial transactions are not recoverable in tort." *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 254 Mich. App. 372, 376 (2002). "The economic loss doctrine, simply stated, provides that where a purchaser's expectations in a sale [governed by contract] are frustrated . . . , his remedy is said to be in contract alone, for he has suffered only economic losses." *Neibarger v. Universal Cooperatives, Inc.*, 439 Mich. 512, 521 (1992) (internal quote marks and further citation omitted). The only exception to this rule is a claim for fraud in the inducement of a contract. *Huron Tool and Eng'g Co. v. Precision Consulting Serv., Inc.*, 209 Mich. App. 365, 368 (1995).

Because an express contract governs this dispute, and plaintiff's fraudulent misrepresentation claim seeks the same damages sought under the contract (*see* Dkt. 12 at 6-7), the economic loss doctrine bars its fraudulent misrepresentation claim. This claim is dismissed.

### *E. Breach of Warranty*

Defendant moves for summary judgment on its breach of warranty claim. A breach of warranty claim tests the fitness of the product and

9

requires that the plaintiff "prove a defect attributable to the manufacturer and causal connection between that defect and the injury or damage of which he complains." *Piercefield v. Remington Arms Co.,* 375 Mich. 85, 98-99 (1965). A defect can be found "regardless of the amount of care utilized by the manufacturer." *Smith v. E.R. Squibb & Sons, Inc.*, 405 Mich. 79, 89 (1979). In this case, defendant asserts a claim for breach of implied warranty. "In a claim of breach of implied warranty, the product's lack of fitness for its intended use amounts to an actionable defect." *Kenkel v. Stanley Works*, 256 Mich. App. 548, 557 (2003).

Under Michigan law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." M.C.L. § 440.2314(1). A merchantable good must be "fit for the ordinary purposes for which such goods are used; and run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved." M.C.L. § 440.2314(2)(c)-(d).

Here, defendant has shown that a substantial portion of the goods provided by plaintiff were not fit for their ordinary purpose, and did not

run of even kind and quality within each unit. Accordingly, summary judgment is warranted in defendant's favor on this claim.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Cornerstone Interior Woodworking, LLC, is DISMISSED from this case;

Defendant Cornerstone Interior Woodworking, Inc.'s motion for summary judgment (Dkt. 17) is GRANTED;

Judgment is ENTERED in the amount of $621,470.91 owed by plaintiff to defendant; and

The parties are ORDERED to respond within fourteen days of this order to the Court's intention to enter summary judgment in defendant's favor on plaintiff's remaining claim for open account. Failure to respond will be construed as a lack of opposition to the entry of summary judgment.

IT IS SO ORDERED.

Dated: January 29, 2018　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager
